IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGENA BANKS,
On behalf of herself and all others similarly situated

Plaintiff.

v.

GEORGIA PHARMACY ASSOCIATION, INC., AND JAMES BRACEWELL,

Defendants.

CIVIL ACTION FILE
NO.

JURY TRIAL DEMANDED

# COMPLAINT

COMES NOW Plaintiff Regena Banks ("Banks"), on behalf of herself and all others similarly situated, through her counsel, Stephen M. Katz, THE KATZ LAW GROUP, files her Complaint, and states:

## NATURE OF THIS ACTION

1.

This is a collective action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs.

## PARTIES

2.

Regena Banks, the named Plaintiff in this action, lives in the Northern District of Georgia.

3.

Georgia Pharmacy Association, Inc. ("Georgia Pharmacy") is a Georgia corporation with its principal office and place of business at 50 Lenox Pointe, N.E., Atlanta, Georgia 30324. Georgia Pharmacy can be served by delivering a copy of the summons and the Complaint to Lance J. LoRusso, Georgia Pharmacy's registered agent, at 1827 Powers Ferry Road, Building 8, Suite 200, Atlanta, Georgia 30339.

4.

Defendant James Bracewell ("Bracewell") lives in the Northern District of Georgia and serves as Georgia Pharmacy's Chief Executive Officer and Chief Financial Officer. Bracewell can be served by delivering a copy of the summons and Complaint to him at 50 Lenox Point N.E., Atlanta, Georgia 30324.

5.

Georgia Pharmacy maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated,

acts of business in metropolitan Atlanta, Georgia as well as nationally.

6.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

7.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

8.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted "...directly or indirectly in the interest of an employer in relation to an employee..."

9.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

10.

Defendants, and each of them, were at all relevant times aware of the

existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## Jurisdiction

11.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## Venue

12.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## Facts

13.

Banks has been employed by Georgia Pharmacy since 1991, and at all times relevant to this action, i.e. since September 2008, Banks' has been employed by Defendants ostensibly as "foundation director," receiving a salary and no overtime compensation.

14.

Banks' job title is misclassified because her primary duties are clerical in nature, i.e. her duties consist of scheduling and planning conferences, scheduling board meetings, and organizing company events, e.g. golf tournaments.

15.

There are numerous employees, similarly situated to Banks, working for Defendants under "director" job titles when, in fact, such employees' job duties consist almost exclusively of clerical work.

16.

Defendants have changed the payment schedule of the misclassified "directors" from hourly to salary to hourly, etc. numerous times.

17.

At all times relevant to this action, Defendants have refused to pay Banks and the misclassified "directors" overtime compensation.

18.

Banks does not have discretionary authority in her position, which Defendants refer to as "foundation director."

19.

Since September 2008, while employed by Georgia Pharmacy ostensibly as "foundation director," Banks has consistently worked over 40 hours per week.

20.

Georgia Pharmacy deliberately failed to provide Banks with overtime compensation for hours worked in excess of 40 in a workweek in 2008, 2009, 2010, and 2011.

## CLAIM FOR RELIEF

### Violation of 29 U.S.C. § 216(b)

### (FLSA)

21.

Banks incorporates the allegations contained in paragraphs 1 through 20 of this complaint as though the same were fully set forth at length herein.

22.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals, including Banks, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their

employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

23.

Banks, as well as those similarly situated to her, were regularly compelled to work more than 40 hours per week but were and are not paid overtime compensation as required under the FLSA.

24.

Banks, and those similarly situated to her, are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

25.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

26.

Defendants owe Banks, and those similarly situated to her, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

**Count II**

27.

Banks incorporates the allegations contained in paragraphs 1 through 26 of this complaint as though the same were fully set forth at length herein.

28.

Within the preceding four years, Defendants, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

29.

Banks and those similarly situated to her are entitled to relief, shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Banks demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated Section 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Regena Banks and all those similarly situated to her and against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

4. Pursuant to Section 216(b) of the Act, judgment in favor of Banks and those similarly situated to her and against Defendants, jointly and severally, for reasonable attorneys fees;

5. Judgment in favor of Banks and those similarly situated to Banks and against the Defendants, jointly and severally, for prejudgment interest;

6. Judgment in favor of Banks and those similarly situated to her and against the Defendants, jointly and severally, for all taxable and non-taxable costs;

7. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

8. Such other, further and different relief as this Court deems appropriate.

This 6th day of October, 2011.

By: /s/ Stephen M. Katz
Stephen M. Katz
Georgia Bar No. 409065

By: /s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Regena Banks




THE KATZ LAW GROUP LLC
4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
Telephone: 770. 988.8181
Facsimile: 770. 988.8182
E-Mail: smkatz@smk-law.com